

**IT IS ORDERED as set forth below:**

**Date: October 18, 2019**

_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>Stanley Kappell Watson,<br><br>    Debtor. | CASE NO. 18-69905-BEM<br><br>CHAPTER 7 |
| Zarinah Ali and Sheneeka Bradsher,<br><br>    Plaintiffs,<br><br>v.<br><br>Stanley Kappell Watson,<br><br>    Defendant. | ADVERSARY PROCEEDING NO.<br>19-5127-BEM |

**ORDER DENYING SUMMARY JUDGMENT**

**I.    PROCEDURAL BACKGROUND**

This matter comes before the Court on Plaintiffs Zarinah Ali and Sheneeka Bradsher's ("Plaintiffs") Motion for Summary Judgment (the "Motion") [Doc. 14], filed July 15, 2019. No response has been filed to the Motion. Accordingly, it is deemed unopposed. Bankr.

L.R. N.D. Ga. 7007-1(c) (21 days to respond to summary judgment motion); *see also* Doc. 11 (dispositive motions due August 1, 2019).

On August 22, 2019, this Court ordered Plaintiffs' counsel to serve the Motion, each exhibit to the Motion, and the Affidavit [Doc. 15] on Defendant Stanley Kappell Watson ("Defendant") by first-class United States mail and to file a certificate of service demonstrating such service. [Doc. 16]. The August 22, 2019 order extended the deadline for response to the Motion to 21 days from the date the certificate of service was filed on the Court's docket. The certificate of service was filed August 26, 2019. [Doc. 18]. Accordingly, the Motion was deemed unopposed as of September 16, 2019. No response having been filed by that date, the Motion remains unopposed.

In the Motion, Plaintiffs seek a determination that a debt owed to them by Defendant is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6) as well as an order awarding them nondischargeable attorneys' fees and costs.

This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I). For the reasons set forth below, the Motion will be denied.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is governed by Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56, which provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law applicable to the case determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

The moving party has the burden of establishing its entitlement to summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The moving party

2

must identify the pleadings, discovery materials, or affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings to defeat summary judgment. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2510 (citations omitted); *see* Fed. R. Civ. P. 56(c)(1).

In deciding a motion for summary judgment, the Court views the evidence and reasonable inferences in favor of the nonmoving party. *Gray v. Manklow (In re Optical Tech., Inc.)*, 246 F.3d 1332, 1334 (11th Cir. 2001). Material facts contained in the moving party's statement of material facts that are not specifically controverted by the nonmoving party will be deemed admitted. Bankr. L.R. N.D. Ga. 7056-1(a)(2). In a dischargeability action, the objecting creditor must prove its case by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 661 (1991).

### III. FACTS

Bankruptcy Local Rule ("Local Rule") 7056-1 requires respondents to "attach to the response a separate and concise statement of material facts, numbered separately, as to which the respondent contends a genuine issue exists to be tried" and further provides that "[a]ll material facts contained in the moving party's statement that are not specifically controverted in respondent's statement shall be deemed admitted." Bankr. L.R. N.D. Ga. 7056-1(a)(2). Plaintiffs filed their Statement of Material Facts That Are Not in Dispute (the "SMF") with the Motion. [Doc. 14-2]. Defendant has not filed a response to the SMF. Accordingly, the following material facts are deemed admitted.[1]

---

[1] Some of the facts in this subsection, namely those citing to Docs. 1 and 5, were admitted in Defendant's Answer to the adversary complaint. [Doc. 5].

3

On the night of July 12, 2012, Plaintiffs were patrons and business invitees at the Tanqueray Lounge located in DeKalb County, Georgia. [Doc. 1 at ¶ 6; Doc. 5 at ¶ 6]. While there, Plaintiff Bradsher encountered and conversed with Defendant, refused a sexual solicitation from him, and returned to her seat. [Doc. 1 at ¶¶ 8, 13; Doc. 5 at ¶¶ 8, 13; Doc. 14–2 at ¶ 9]. Thereafter, Defendant made spurious allegations that Plaintiffs had stolen his wallet. [Doc. 14-2 at ¶¶ 7, 9]. Defendant later admitted that his allegedly stolen wallet was in his car all the time. [Doc. 1 at ¶ 41; Doc. 5 at ¶ 41; Doc. 14-2 at ¶ 8]. Plaintiff Bradsher told a police officer that she did not have Defendant's wallet. [Doc. 1 at ¶ 16; Doc. 5 at ¶ 16]. A police sergeant placed Plaintiff Bradsher in a police car. [Doc. 1 at ¶ 21; Doc. 5 at ¶ 21]. No warrant was issued in connection with the detention of Plaintiff Bradsher. [Doc. 1 at ¶ 36; Doc. 5 at ¶ 36].

Neither Plaintiff Ali nor Plaintiff Bradsher took, held or otherwise came in to contact with Defendant's wallet at any time on the evening of July 12, 2012, or anytime thereafter. [Doc. 1 at ¶ 31; Doc. 5 at ¶ 31]. Plaintiffs filed a Complaint for Damages and at trial alleged the following causes of action: intentional infliction of emotional distress, slander per se, battery, attorney's fees, and punitive damages. [Doc. 1 at ¶ 45; Doc. 5 at ¶ 45]. The trial in the state court of DeKalb County (the "State Court Proceeding") was specifically on the issues of slander, battery and false imprisonment. [Doc. 14-2 at ¶ 2]. The jury was charged with only issues of those three intentional torts. *Id.* at ¶ 3. Judgment was entered in favor of Plaintiffs in the State Court of DeKalb County, Georgia, Civil Action File Number 13A47805 on April 30, 2015 against Defendant in the amount of $150,000. [Doc. 1 at ¶ 5; Doc. 5 at ¶ 5].

Defendant's conduct on which the judgment and verdict were rendered was specific acts of slander, battery, and false imprisonment. [Doc. 14-2 at ¶ 1]. The standard of proof in the underlying prior litigation was a preponderance of the evidence. *Id.* at ¶ 4. The jury

4

returned a verdict awarding Plaintiffs compensatory damages, bad faith attorney's fees, and punitive damages. *Id.* at ¶ 5. The trial court entered a judgment on the verdict, setting forth the damages as: $25,000 compensatory damages to Plaintiff Ali, $75,000[2] compensatory damages to Plaintiff Bradsher, $39,000 bad faith attorney's fees, $1,500 expenses of litigation, $5,000 punitive damages to Plaintiff Ali, and $5,000 punitive damages to Plaintiff Bradsher (the "Judgment"). *Id.* at ¶ 6. The trial court denied Defendant's motions for directed verdict on all three substantive claims of slander, battery, and false imprisonment. *Id.* at ¶ 10.

Five exhibits are attached to the Motion. Exhibit A is a copy of the original verdict from the State Court of DeKalb County (the "Verdict"). [Doc. 14-4]. Exhibit B is a copy of the Judgment on the Verdict as executed by the Honorable Dax Lopez (the "State Court Judgment"). [Doc. 14-5]. Exhibit C is a copy of the trial transcript which was produced by Defendant in discovery (the "Trial Transcript"). [Doc. 14-6]. Exhibit D is a copy of Plaintiffs' discovery materials served on the Defendant in this proceeding (the "Discovery Materials"). [Doc. 14-7]. Exhibit E is a copy of Defendant's responses to the Discovery Materials, which were untimely (the "Discovery Responses"). [Doc. 14-8]. Exhibit F is a copy of an incident report prepared by Sergeant Parker, the sergeant who detained Plaintiff Bradsher (the "Incident Report"). [Doc. 14-9]. Plaintiff's attorney submitted an affidavit in which he certified under oath that each of the exhibits is a true and correct copy. [Doc. 15] The Court finds that these documents would be admissible at trial and accordingly considers them in its determination. *See* Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056 (Fed. R. Civ. P. 56 applies in bankruptcy proceedings).

---

[2] This is admitted because Defendant did not file a response to the SMF. However, in exhibit E to the Motion, "Defendant's Response To Plaintiffs' Request For Admission Of Facts & Interrogatories," Defendant stated that the general damages payable to Plaintiff Bradsheer were $7,500. [Doc. 14-67 at 2].

5

## IV. **WILLFUL AND MALICIOUS INJURY**

Plaintiffs seek nondischargeability of the debt owed to them pursuant to 11 U.S.C. § 523(a)(6), which provides that debts "for willful and malicious injury by the debtor to another entity or to the property of another entity" are nondischargeable. 11 U.S.C. § 523(a)(6). The Supreme Court has held that § 523(a)(6) covers only "acts done with the actual intent to cause injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). "[A]lthough *Geiger* suggested a relationship between § 523(a)(6) and intentional torts, the *Geiger* standard is not necessarily satisfied by simply proving the elements of an intentional tort. 'Merely because a tort is classified as intentional does not mean that any injury caused by the tortfeasor is willful.'" *Britt's Home Furnishing, Inc. v. Hollowell (In re Hollowell)*, 242 B.R. 541, 544 (Bankr. N.D. Ga. 1999) (quoting *Miller v. J.D. Abrams, Inc.*, 156 F.3d 598, 604 (5th Cir. 1998)).

The Eleventh Circuit has "conclude[d] that a debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury." *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1165 (11th Cir. 1995); *accord In re Kane*, 755 F.3d at 1295 (quoting *In re Jennings*, 670 F.3d 1329, 1334 (11th Cir. 2012)). To establish malice, Plaintiffs must show that Defendant's actions were "'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" *In re Jennings*, 670 F.3d at 1334 (quoting *In re Walker*, 48 F.3d at 1164 (quoting *In re Ikner*, 883 F.2d 986, 991 (11th Cir. 1989))).

## V. **COLLATERAL ESTOPPEL**

The doctrine of collateral estoppel prohibits re-litigation of issues already adjudicated by a valid and final judgment of another court. *HSSM #7 Ltd. P'ship v. Bilzerian (In Re Bilzerian)*, 100 F.3d 886, 892 (11th Cir. 1996). The Supreme Court has held that the doctrine

6

applies in non-dischargeability actions. *Grogan*, 498 U.S. at 285 n.11. In employing the doctrine of collateral estoppel, the bankruptcy court applies the law of the court issuing the prior judgment. *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675-76 (11th Cir. 1993). The prior judgment in this case was issued by a Georgia court and, therefore, Georgia law will determine whether collateral estoppel bars re-litigation here.

Under Georgia law, collateral estoppel applies when the following elements are met: 1) there is an identity of parties between the two cases; 2) there is an identity of issues between the two cases; 3) the issue in question was actually and finally litigated; 4) the adjudication was essential to the earlier action; and 5) the parties had a full and fair opportunity to litigate the issues in question. *See Lewis v. Lowery (In re Lowery)*, 440 B.R. 914, 921 (Bankr. N.D. Ga. 2010) (Hagenau, J.); *Lusk v. Williams (In re Williams)*, 282 B.R. 267, 272 (Bankr. N.D. Ga. 2002) (Mullins, J.). The Court finds that there remain genuine issues of material fact as to these elements.

First, the Court considers whether there is an identity of parties in the two cases. Here, there is no dispute that the parties in the state court action and the instant adversary proceeding are the same.

Second, the Court considers whether there is an identity of issues between the two cases. Because the damages awarded were not allocated in the Judgment, the Court cannot determine which claim or claims resulted in an award of damages. Thus to determine if there is an identity issues, the Court must consider each claim alleged in the state court action and whether Defendant's conduct was necessarily willful and malicious. Because the judgment does not allocate the award of damages, if any one of them fails to meet the § 523(a)(6) standard, summary judgment is not appropriate.

7

1. **Battery**

Battery is an "unlawful touching . . . to the person and is actionable." *Newsome v. Cooper-Wiss, Inc.*, 179 Ga. App. 670, 672, 347 S.E.2d 619, 621 (1986) (quoting *Mims v. Boland*, 110 Ga. App. 477(1)(a)(4), 138 S.E.2d 902 (1964)) (citing generally O.C.G.A. § 51–1–13). It does not require any specific intent. *See* O.C.G.A. § 51–1–13 ("A physical injury done to another shall give a right of action to the injured party, whatever may be the intention of the person causing the injury, unless he is justified under some rule of law. However, intention shall be considered in the assessment of damages."). The intent required is not the "intent to cause actual physical harm" but rather the "intent to make contact of an insulting or provoking nature" with the plaintiff. *Hendricks v. S. Bell Tel. & Tel. Co.*, 193 Ga. App. 264, 65, 387 S.E.2d 593, 595 (1989)

The intent may be "wanton[], willful[], or malicious[]," but that "goes to the issue of the damages that are recoverable . . . and not to the issue of . . . liability for the act itself." *Id.* at 265, 387 S.E.2d at 595. "[I]f in addition to intending to make contact of either a harmful or an insulting or provoking nature . . . [the defendant] also acted wantonly, wilfully or maliciously, [he] may be liable for punitive as well as compensatory damages." *Id.* at 266, 387 S.E.2d at 595 (citing O.C.G.A. § 51-12-5).

Under Georgia law, a civil battery for which compensatory damages have been awarded is necessarily willful, that is the act must have been performed intentionally with the "purpose . . . to cause injury or which is to cause injury or which is substantially certain to cause injury." *In re Walker*, 48 F.3d at 1165. The Georgia Court of Appeals has said that "[i]f the tortfeasor acts with the belief that such unauthorized contact is substantially certain to result from his actions, that too can constitute the requisite intent to prove battery." *Kohler v. Van Peteghem*,

8

330 Ga. App. 230, 234-35, 767 S.E.2d 775, 779 (2014) (citing *Reeves v. Bridges*, 248 Ga. 600, 603, 284 S.E.2d 416 (1981) and Charles R. Adams III, Ga. Law of Torts § 2:1 (2013-2014 ed.))

In addition to willfulness, Plaintiffs must show that Defendant's actions were "'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" *In re Jennings*, 670 F.3d at 1334. Although the award of punitive damages for battery means that the defendant "acted wantonly, wilfully or maliciously," *Hendricks*, 193 Ga. App. at 265, 387 S.E.2d at 595, willfulness and wantonness do not satisfy the high bar set by § 523(a)(6). Malice is required to establish nondischargeability under § 523(a)(6) and is not required for tort liability for battery under Georgia law, even where punitive damages are awarded; thus, there remains a question of fact as to whether Defendant's actions were malicious.

## 2. False Imprisonment

"False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty." O.C.G.A. § 51-7-20. "To constitute a false imprisonment, the act of the defendant in confining the plaintiff must be done with the intention of causing a confinement. . . . In other words, there can be no such tort as a negligent false imprisonment. . . ." *Stewart v. Williams*, 243 Ga. 580, 581–82, 255 S.E.2d 699, 701 (1979) (quoting 1 HARPER & JAMES, THE LAW OF TORTS, § 3.7, p. 228 (1956)). "There is no liability for negligent or reckless acts which cause 'nothing more than the imposition of a transitory and harmless confinement'." *Baggett v. Nat. Bank & Trust Co.*, 174 Ga.App. 346, 349(2), 330 S.E.2d 108 (1985). Accordingly, false imprisonment is necessarily willful and this issue is identical to the determination made by the state court.

However, no finding of malice was necessary to the determination of liability for false imprisonment. The Verdict states that the jury found by "clear and convincing evidence that

9

Defendant's actions showed willful misconduct, malice, wantonness, oppression, *or* that entire want of care which would raise the presumption of conscious indifference to consequences" as to both Plaintiffs. [Doc. 14-3 at 2] (emphasis added). The list is disjunctive such that the Court finds that there remains a question of fact as to whether an identity of issues exists as to malice in the false imprisonment count of the Verdict and Plaintiffs' § 523(a)(6) claims.

### 3. Slander

In Georgia, slander or oral defamation can take one of four forms. O.C.G.A. § 51-5-4(a). The facts show that the slander in this case was of the first type, which is slander *per se*, defined as "[i]mputing to another a crime punishable by law." *Id.*; *see* Doc. 14-5 at 177 (jury instructions) ("The law states slander or oral defamation consists in imputing to another a crime punishable by law. . . . Whether the plaintiffs in this case would be entitled to recover you must satisfy by a preponderance of the evidence that the alleged words were uttered by the defendant and that they impute a crime to the plaintiffs."); *see also* Doc. 14-5 at 183 (statement of Defendant's attorney) and 259 (statement of Plaintiffs' attorney). "To recover on a *per se* slander claim . . . the plaintiff must show that the defendant's statements were both false and malicious." *Sweeney v. Athens Regional Med. Ctr.*¸ 709 F. Supp. 1563, 1580 (M.D. Ga. 1989) (citing *Williams v. Trust Co. of Ga.*, 140 Ga. App. 49, 49 230 S.E.2d 45, 47 (1976)).

> Generally, there are four elements in a cause of action for defamation [of which slander is one type]: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting <u>at least to negligence</u>; and (4) special harm or the actionability of the statement irrespective of special harm.

*Swanson Towing & Recovery, LLC v. Wrecker 1, Inc.*, 342 Ga. App. 6, 10, 802 S.E.2d 300, 305 (2017) (emphasis added); *see also Mathis v. Cannon*, 276 Ga. 16, 21, 573 S.E.2d 376, 381 (2002) (quoting Rest. 2d. of Torts (1977) § 558).

Slander requires malice and therefore satisfies the second part of § 523(a)(6). *Fincher v. Holt (In re Holt)*, 173 B.R. 806, 816 (Bankr. M.D. Ga. 1994) (holding that "[t]he intentional tort of slander meets the requirements of § 523(a)(6) for non-dischargeability when the debtor/author knows the published statements were false" and that slander *per se* meets this requirement) (quoting *Wheeler v. Laudani*, 783 F.2d. 610, 615 (6th Cir. 1986)); *Cochran v. Sears, Roebuck & Co.*, 72 Ga. App. 458, 461, 34 S.E.2d 296, 298 (1945). ("[M]alice is one of the essential elements of slander; 'but where the language used is actionable per se, malice is implied'. . . .") (citations omitted).

However, the willfulness prong of § 523(a)(6) is not met by slander *per se*. Because slander may be effected negligently, *see Swanson Towing*, 342 Ga. App. at 10, 802 S.E.2d at 305, Plaintiffs have not shown that the slanderous statements were made "with the actual intent to cause injury," *Geiger*, 523 U.S. at 61, nor that they were "substantially certain to cause injury." *In re Walker*, 48 F.3d at 1165. Especially where the statements made were "actionab[le] . . . irrespective of special harm," *Swanson Towing*, 342 Ga. App. at 10, 802 S.E.2d at 305, the Court will not infer substantial certainty to cause injury from Defendant's actions.

It is unnecessary to analyze the remaining elements of collateral estoppel because the second element has not been met.

## VI.   ATTORNEY'S FEES

In addition to challenging the dischargeability of Defendant's debt for compensatory damages, Plaintiffs contends that the debt for attorney's fees embodied in the State Court Judgment is also nondischargeable. "Attorney fees are routinely included in the non-dischargeable debt under § 523(a)(6) when they are included in a judgment for damages due to willful and malicious injury and are ancillary to that judgment." *Stinson v. Morris (In re Morris)*,

11

No. 05-9031, 2005 Bankr. LEXIS 2685, at *10 (Bankr. N.D. Ga. Dec. 1, 2005) (Massey, J.) (citing *In re Zentz*, 157 B.R. 145, 150 (Bankr. W.D. Mo. 1993)).  Attorney's fees are recoverable in Georgia in the case of an intentional tort as an additional element of damages.  Georgia law specifically provides:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

O.C.G.A. § 13-6-11. The section establishes circumstances in which a plaintiff may recover litigation expenses as an additional element of damages and permits the recovery of attorney's fees as separate, special damages flowing from the underlying tort. *Mills v. Ellerbee (In re Ellerbee)*, 177 B.R. 731, 746 (Bankr. N.D. Ga. 1995) (Massey, J.) (citing *Brown v. Baker*, 398 S.E.2d 797 (Ga. App. 1990)). Cases interpreting this section have established that intentional torts invoke a species of bad faith that entitles a plaintiff to recover the expenses of litigation, including attorney fees, because having to incur fees to collect the other damages is itself an injury flowing from the tort. *See DeKalb County v. McFarland*, 203 S.E.2d 495, 497 (Ga. 1974). Here, the State Court Judgment awarded $39,000 for attorney's fees and $1,500 in expenses. Because Defendant committed intentional torts that caused damage to Plaintiffs, Plaintiffs are entitled to recover attorney's fees incurred in connection with that recovery because, under Georgia law, they constitute additional, special damages for the injury inflicted by Defendant. Since summary judgment on the issue of whether the underlying torts were willful and malicious is not appropriate, the Court can not at this time determine whether the debt for attorney's fees stemming from those torts is nondischargeable under § 523(a)(6).

12

To the extent Plaintiffs seek additional attorneys' fees as a result of bringing this nondischargeability action, Plaintiffs have not met their burden of demonstrating their entitlement to such fees, nor have they shown that additional fees were incurred.

Accordingly, it is now

ORDERED that the Motion [Doc. 14] is DENIED.

**END OF ORDER**

## **Distribution List**

Maurice J. Bernard, III
Maurice J. Bernard, III
3717 Chamblee Dunwoody Road
Atlanta, GA 30341

Pamela Stephenson
Stephenson Law Group, LLC
Suite C
4262 Clausell Court
Decatur, GA 30035

Stanley Kappell Watson
3821 Eagle Woods Circle
Lithonia, GA 30038